# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYKES JUPP,

        Petitioner,

        v.                                       Case No. 05-CV-275

WARDEN BERTRAND,

        Respondent.

## ORDER

By order dated July 6, 2005, the court granted *pro se* petitioner Dykes Jupp's motion to stay his federal habeas petition and granted him 30 days to present his unexhausted constitutional claims to the state court. On July 28, 2005, the court granted Jupp an extension of 60 days to present his unexhausted claims to the state courts and warned Jupp that no further extensions would be granted absent extraordinary circumstances. On September 27, 2005, Jupp moved the court for another 60-day extension. Jupp claimed that he did not exhaust his claims in state court because his jailhouse lawyer was placed in segregation and he was not represented by an attorney. Although the court concluded that those circumstances were not extraordinary and did not warrant another extension of time, nonetheless, the court granted Jupp one last 30-day extension to present his unexhausted claims to the state court. By letter dated March 18, 2006, Jupp informed the court that the Supreme Court of Wisconsin denied his petition for review of his ineffective assistance of counsel claim, and requested a 45-day extension to present his other claims to the state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court held that a district court has the discretion to stay a federal habeas petition and hold it in abeyance under limited circumstances, one being a reasonable time limit is placed on the petitioner's trip to state court and back. *Id.*, at 278. The *Rhines* Court suggested that a time limit of 30 days to pursue state court remedies would be appropriate. *Id.* (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). In his March 18, 2006, letter requesting a 45-day extension, Jupp presents no extraordinary circumstances that prevented him from presenting his unexhausted claims to the state court within the generous time limits set by this court. As such, the court concludes that another extension is unwarranted.

An additional extension would undermine the timeliness requirement of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation period is calculated pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(A)-(D). The one-year limitation period can be tolled pursuant to § 2244(d)(2) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

*Id.* In essence, the clock on the one-year limitation stops when the state prisoner properly files a state post-conviction petition, and it remains stopped while the petition is pending in state court, and if sought, while there is review in the U.S. Supreme Court. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000). The one-year limitation period may be equitably tolled if a state prisoner encounters some impediment other than those covered in Sections 2244(d)(1)(B)-(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

Jupp received ample opportunity to present his claims to the Wisconsin courts, but he failed to do so in a timely manner. In addition to the one-year limitation period set forth in Section 2244(d), Jupp's petition was stayed and held in abeyance for over 8 months to allow Jupp to present his unexhausted claims to the state court, significantly more than the 30 days recommended by the U.S. Supreme Court in *Rhines,* 544 U.S. at 278. Had Jupp properly presented his unexhausted claims to the state court within the time limits set by this court, the court would have continued to have held his federal habeas petition in abeyance in accordance with the July 6, 2005, order. Jupp, however, did not present his unexhausted claims to the state court.

The district court may not address the merits of claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C.

§ 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Here, Jupp's federal habeas petition presents unexhausted claims. On direct appeal to the Wisconsin Court of Appeals, Jupp raised three claims: (1) he claimed that the State failed to present sufficient evidence to support his conviction; (2) he claimed that his trial counsel was ineffective for encouraging him to not testify, and for failing to investigate the possibility of challenging his competency or presenting an insanity defense; and (3) he claimed that the trial court failed to consider mitigating factors when it imposed a prison term of 48 years. *See State v. Jupp*, Appeal No. 02-0601-CR (Wis. Ct. App. Oct. 29, 2002) (unpublished order).

In his federal habeas petition, Jupp presents four claims, three of which were never presented to the Wisconsin courts. Jupp raises the following claims in his federal habeas petition: (1) he claims that his state court conviction was obtained by prosecutorial misconduct; (2) he claims that he has obtained new evidence that would have exonerated him were it available at his trial; (3) he claims that he was denied his constitutional right to due process; and (4) he claims that he was denied the effective assistance of trial counsel, post-conviction counsel, and appellate counsel. It appears that the claim of ineffective assistance of trial counsel is the only claim raised in Jupp's federal habeas petition which was raised in the Wisconsin courts.

Because Jupp failed the present the unexhausted claims to the state courts within the time limits set by this court while his petition was stayed and held in abeyance, the court is obliged to vacate the stay granted by court order dated July 6, 2005, and to dismiss Jupp's federal habeas petition because it contains unexhausted claims. *See Rhines*, 544 U.S. at 278; *Rose*, 455 U.S. at 510.

If Jupp wishes to resubmit his petition with only exhausted claims, he has until Friday, May 12, 2006, to do so. Jupp may rest assured if he resubmits his petition by this date, this court will consider the filing as timely within the meaning of Section 2244(d).

Accordingly,

**IT IS ORDERED** that Jupp's petition be and the same is hereby **DISMISSED** because it contains unexhausted claims; and

**IT IS FURTHER ORDERED** that Jupp has until Friday, **May 12, 2006**, to resubmit his federal habeas petition with only exhausted claims.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge